IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TIFFANY S.,[1]

        Plaintiff,

v.

KILOLO KIJAKAZI, Commissioner of Social Security,

        Defendant.

Case No. 3:21-cv-00299-MC

**OPINION AND ORDER**

**MCSHANE, U.S. District Judge.**

    Tiffany S. ("Plaintiff") brings this appeal challenging the Commissioner of the Social Security Administration's ("Commissioner") denial of her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. The Court has jurisdiction to hear this appeal pursuant to 42 U.S.C. § 1383(c)(3), which incorporates the review provisions of 42 U.S.C. § 405(g). For the reasons explained below, the Commissioner's decision is reversed.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

**STANDARD OF REVIEW**

The district court may set aside a denial of benefits only if the Commissioner's findings are "'not supported by substantial evidence or [are] based on legal error.'" *Bray v. Comm'r Soc. Sec. Admin.,* 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). Substantial evidence is defined as "'more than a mere scintilla [of evidence] but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995)).

The district court "cannot affirm the Commissioner's decision 'simply by isolating a specific quantum of supporting evidence.'" *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001) (quoting *Tackett v. Apfel,* 180 F.3d 1094, 1098 (9th Cir. 1999)). Instead, the district court must consider the entire record, weighing the evidence that both supports and detracts from the Commissioner's conclusions. *Id.* Where the record as a whole can support either a grant or a denial of Social Security benefits, the district court "'may not substitute [its] judgment for the [Commissioner's].'" *Bray,* 554 F.3d at 1222 (quoting *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007)).

**BACKGROUND**

I.  **PLAINTIFF'S APPLICATION**

Plaintiff filed her application for SSI on June 1, 2017, alleging disability as of January 11, 2013. Tr. 464-47. Plaintiff subsequently amended her alleged onset date to June 1, 2017. Plaintiff's claims were denied initially on December 4, 2017, and upon reconsideration on February 20, 2018. Tr. 315-18, 326-27.

Plaintiff requested a hearing before an Administrative Law Judge (ALJ) and appeared before ALJ Lynch on October 29, 2019. Tr 95-124. On November 22, 2019, the ALJ issued an

PAGE 2 – OPINION AND ORDER

opinion finding Plaintiff not disabled. Tr. 256-78. Plaintiff requested review of the ALJ's decision on January 3, 2020, and the Appeals Council granted Plaintiff's request, reversing the ALJ's decision and remanding Plaintiff's claim for further consideration. Tr. 279-82.

Plaintiff appeared for a second administrative hearing on August 4, 2020. Tr. 75-94. On September 11, 2020, ALJ Lynch issued a second written decision denying Plaintiff's claim. Tr. 284-307. The Appeals Council denied Plaintiff's request for review on January 5, 2021, making the ALJ's decision the final decision of the Commissioner. Tr. 1-5. This appeal followed.

## II.    THE SEQUENTIAL ANALYSIS

A claimant is considered disabled if she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Those five steps are: (1) whether the claimant is currently engaged in any substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the claimant can return to any past relevant work; and (5) whether the claimant is capable of performing other work that exists in significant numbers in the national economy. *Id.* at 724-25. The claimant bears the burden of proof for the first four steps. *Bustamante v. Massanari,* 262 F.3d 949, 953-54 (9th Cir. 2001). If the claimant fails to meet the burden at any of those steps, the claimant is not disabled. *Id.*; *Bowen v. Yuckert,* 482 U.S. 137, 140-41 (1987).

The Commissioner bears the burden of proof at step five of the sequential analysis, where the Commissioner must show the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional

PAGE 3 – OPINION AND ORDER

capacity, age, education, and work experience." *Tackett*, 180 F.3d at 1100. If the Commissioner fails to meet this burden, the claimant is disabled. *Bustamante,* 262 F.3d at 954 (citations omitted).

## III. THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation process to determine whether Plaintiff was disabled. Tr. 288-307. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. Tr. 291. At step two, the ALJ determined that since the alleged onset date of disability, Plaintiff suffered from the following severe impairments: obesity; fibromyalgia; degenerative disc disease; degenerative joint disease in the knees; depression; bipolar disorder; panic disorder; somatic disorder; and personality disorder. Tr. 291. The ALJ also determined that a history of a lump on Plaintiff's finger, hysterectomy, and migraines were not severe. *Id.*

At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that meets or equals a Listing. Tr. 291-92.

The ALJ then determined Plaintiff's residual functional capacity ("RFC"), finding that Plaintiff retained the ability to perform light work with the following limitations:

> [Plaintiff] can occasionally climb, stoop, crouch, kneel, and crawl. She can understand, remember, and perform simple, routine, and repetitive tasks with a reasoning level not to exceed 2. She should have no public interaction.

Tr. 294.

At step four, the ALJ found that Plaintiff did not have any past relevant work. Tr. 306. At step five, the ALJ determined that Plaintiff could perform jobs existing in significant numbers in the national economy, including housekeeping cleaner, production assembler, and inspector/hand packager. Tr. 306. The ALJ therefore concluded that Plaintiff was not disabled. Tr. 307.

**DISCUSSION**

Plaintiff argues the ALJ erred by (1) improperly finding that Plaintiff did not rebut the presumption of continuing nondisability; (2) finding Plaintiff's subjective symptom testimony unpersuasive; and (3) improperly evaluating the medical opinion evidence.

I.  **PRESUMPTION OF CONTINUING NONDISABILITY**

Plaintiff first argues that the ALJ improperly found that Plaintiff failed to rebut the presumption of continuing nondisability. Plaintiff previously filed applications for disability insurance benefits and supplemental security income and received an unfavorable ALJ decision on January 11, 2013. Tr. 194-212. Plaintiff did not appeal the decision, and it became the Commissioner's final decision. *Id.* Agency regulations provide that:

> When adjudicating the subsequent claim involving an unadjudicated period, adjudicators will apply a presumption of continuing nondisability and determine that the claimant is not disabled with respect to that period, unless the claimant rebuts the presumption.

Acquiescence Ruling (AR) 97-4(9), 1997 WL 742758, at *3. In accordance with Agency regulations, ALJ Lynch found in his written decision denying Plaintiff's 2017 claim for SSI that Plaintiff did not rebut the presumption of continuing disability that issued from the Commissioner's final 2013 decision. Tr. 288.

In her opening Brief, Plaintiff argues that the ALJ erred because the Commissioner's regulations have changed since 2013 and therefore ALJ Lynch was not entitled to the presumption of continuing disability. ECF 19. Plaintiff, however, provides no legal argument that the administrative presumption of continuing disability was abrogated by any amended regulations, and does not raise the argument again in her Reply Brief. ECF 22. For these reasons, the Court rejects Plaintiff's argument and concludes that the ALJ committed no legal error in applying the continuing presumption of nondisability pursuant to AR 97-4(9), 1997 WL 742758, at *3.

## II. PLAINTIFF'S TESTIMONY

Plaintiff next argues that the ALJ improperly rejected her subjective symptom testimony. The ALJ is required to provide specific, clear and convincing reasons for rejecting a claimant's testimony. *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014). At the administrative hearing, Plaintiff testified that she was unable to work primarily due to fibromyalgia symptoms. Tr. 85, 305. Plaintiff also complained of mental health impairments, lower extremity pain, migraines, and musculoskeletal problems. Plaintiff testified that, as a result of her combined impairments, she could not lift more than five pounds or stand for longer than 10 to 15 minutes at a time. Tr. 37, 88, 295.

The ALJ found Plaintiff's testimony unpersuasive. Tr. 295, 305. The ALJ noted that Plaintiff's statements regarding her physical limitations were incompatible with the medical evidence. *Id.* An ALJ may consider objective medical evidence when assessing a claimant's testimony and may discount a claimant's statements if medical opinion evidence contradicts the claimant's subjective testimony. 20 C.F.R. 404.1529(c)(2); *Carmickle v. Comm'r*, 533 F.3d 1155, 1161 (9th Cir. 2008). Here, the ALJ noted that, in contrast with Plaintiff's claim that she could not lift more than five pounds or stand for longer than 10 to 15 minutes at a time, some physical examination records documented normal strength. Tr. 297, 305, 626, 693. Other records, however, document significant pain with physical activities such as lifting. The ALJ also discussed largely unremarkable imaging studies which did not support Plaintiff's allegations of musculoskeletal impairments. Tr. 295-98, 1116, 1410. On this record, the ALJ properly concluded that Plaintiff's musculoskeletal complaints were unsupported by imaging records.

Regarding Plaintiff's alleged mental functioning issues and mental health symptoms, the ALJ noted that Plaintiff's mental status examinations and consultative examination results were

PAGE 6 – OPINION AND ORDER

often unremarkable and revealed mild symptoms, citing records that Plaintiff was alert with normal mood and affect. Tr. 297, 1366-67. Finally, the ALJ noted that Plaintiff's neurological examinations were also unremarkable. Tr. 297. On this record, the ALJ cited substantial evidence to support his reasonable conclusion that Plaintiff's complaints of mental health symptoms and neurological issues were not supported by the medical evidence. *Bray*, 554 F.3d at 1222.

As additional reason for finding Plaintiff's statements unpersuasive, the ALJ adopted the prior Agency determination that Plaintiff's testimony regarding her disabling limitations was contradicted by her level of activity during the relevant period. Tr. 269. An ALJ may discount a claimant's testimony when her activities "are incompatible with the severity of the symptoms alleged." *Ghanim v. Colvin*, 763 F.3d 1154, 1165 (9th Cir. 2014). Here, the previous ALJ noted that Plaintiff was able to care for her dog; handle her own personal care, meals, and chores; travel to stores without assistance; watch television and play videogames; draw; and see her friends. Tr. 269, 1367. The ALJ also noted that Plaintiff was able to work part-time in 2017. Tr. 269. While Plaintiff's activities reasonably support the ALJ's determination that Plaintiff was less limited than alleged in her testimony, because the ALJ did not evaluate Plaintiff's activities in his decision in light of the complete administrative record, they provide only minimal support for the ALJ's determination.

The ALJ next noted that Plaintiff received only conservative treatment for her conditions. Tr. 301. "[E]vidence of conservative treatment is sufficient to discount a claimant's testimony regarding the severity of an impairment." *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007). Here, however, Plaintiff's primary complaint is fibromyalgia, which cannot be cured and is treated with conservative interventions such as physical therapy, medication, and counseling. In accord, the ALJ noted that Plaintiff's treatment provider described providing "conservative treatment options"

PAGE 7 – OPINION AND ORDER

for Plaintiff's knee pain; and that Plaintiff's mental health was treated with a workbook, counseling, and medication. Tr. 298, 300, 1174, 1497. Because fibromyalgia is treated with conservative means, this evidence does not support the ALJ's finding that Plaintiff's testimony was unpersuasive. *Parra*, 481 F.3d at 751. Further, the longitudinal record demonstrates that Plaintiff pursued many different treatment pathways for fibromyalgia symptoms. In sum, given the nature of Plaintiff's allegedly disabling limitations, it was not reasonable for the ALJ to conclude that Plaintiff's testimony was unpersuasive because her treatment was largely conservative.

Finally, the ALJ found that Plaintiff's improvement with treatment undermined her testimony. Tr. 297. Here, the ALJ relies on a single instance when Plaintiff reported a significant improvement in her mental and physical condition in 2019 after she began receiving in-home care from her boyfriend. Considered in light of the entire record, which demonstrates significant pain and limitations from fibromyalgia, the ALJ's conclusion that Plaintiff's symptoms improved with treatment was not reasonable. In sum, while the ALJ cited substantial evidence to support his finding that Plaintiff's complaints of mental health symptoms and neurological issues were not supported by the medical evidence, he did not provide legally sufficient reasons for rejecting Plaintiff's testimony regarding her fibromyalgia-related symptoms and limitations. *Garrison*, 759 F.3d at 1017..

### III. MEDICAL OPINION EVIDENCE

Plaintiff next argues that the ALJ improperly rejected the medical opinions of Nathan Lucherini, PT, DPT, and Hanna Niestradt, PA. An ALJ's decision to discredit any medical opinion must be supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). "An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough

summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.'" *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). Merely stating conclusions is insufficient: "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id*. "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Id*. at 1012-13 (citing *Nguyen v. Chater,* 100 F.3d 1462, 1464 (9th Cir. 1996)).

### A. Nathan Lucherini, PT, DPT

Plaintiff's physical therapist Nathan Lucherini completed a form assessing Plaintiff's physical functionality in March 2018. Tr. 1359-62. Mr. Lucherini opined that Plaintiff required small breaks throughout the day; that Plaintiff could stand and walk less than two hours per day and could lift no more than 10 pounds occasionally; and that Plaintiff could rarely engage in any postural activities. *Id.*

The ALJ may find a physician's opinion unpersuasive if he properly analyzes the opinion's supportability and consistency. 20 C.F.R. § 416.920c(b)(2). Here, the ALJ first noted that Mr. Lucherini's opinion was unsupported by his own treatment notes. Tr. 303. For example, while Mr. Lucherini opined that Plaintiff could not lift more than 10 pounds occasionally, a treatment note from March 2018 reveals that Plaintiff was able to lift a 30-pound crate three time, and carry it for 50 feet, albeit with a "significant onset of pain." Tr. 303, 1887. Mr. Lucherini noted on another occasion that Plaintiff showed only mild or minimal discomfort when performing other physical therapy activities such as squatting and heel slides. Tr. 1834, 1838. In contrast with the ALJ's

conclusions, these notes tend to support Mr. Lucherini's conclusions about Plaintiff's physical abilities. The ALJ's evaluation of the supportability of Mr. Lucherini's conclusions in light of his treatment records was unsupported by substantial evidence. 20 C.F.R. § 416.920c(b)(2).

The ALJ also found that Mr. Lucherini's opinion was not adequately explained. Tr. 303. The ALJ may consider the quality of a medical source's explanations in assessing the source's supportability. 20 C.F.R. § 416.920c(c)(1). Here, as explanation for his conclusions regarding Plaintiff's physical limitations, Mr. Lucherini stated that his opinion was justified by Plaintiff's fibromyalgia and subjective complaints. Tr. 1359-62. Given that fibromyalgia is diagnosed largely through subjective reports of pain in multiple areas of the body, the primary evidence base for Mr. Lucherini's conclusions was proper. The ALJ was therefore not entitled to reject Mr. Lucherini's opinion on this basis. 20 C.F.R. § 416.920c(c)(1).

The ALJ next noted that Mr. Lucherini provided only conservative care for the treatment of Plaintiff's complaints, and that his conclusions were contradicted by record evidence of Plaintiff's improvement. Tr. 303. As noted above, fibromyalgia has no cure and is routinely treated with conservative methods such as physical therapy. Regarding Plaintniff's alleged improvement with treatmet, Plaintiff reported in 2018 that she experienced only "limited relief" from physical therapy and medications; but in 2019 she reported that her "emotional, physical, and mental state has been greatly improved." Tr. 299, 303, 1400, 1937. As discussed above, however, Plaintiff's avowal of improvement was related to receiving in-home care from her boyfriend, and does not indicate a significant departure from Mr. Lucherini's overall medical assessment. On this record, the ALJ's conclusion that Plaintiff experienced improvement that was not properly accounted for in Mr. Lucherini's opinion was error. In sum, the ALJ failed to support his evaluation of Mr. Lucherini's opinion with substantial evidence.

**B. Hanna Niestradt, PA**

Physician assistant Hanna Niestradt provided several opinions regarding Plaintiff's symptoms and limitations. She opined that Plaintiff has problems walking long distances, and that Plaintiff would be limited by severe mental impairments. Tr. 1195, 1907, 1909-10, 2065. The ALJ found Ms. Niestradt's opinion unpersuasive for reasons discussed above: that there was a single example of avowed improvement in Plaintiff's mental and physical condition 2019; that Ms. Niestradt provided only routine and conservative care; and that Ms. Niestradt's conclusions were unsupported by her contemporaneous treatment notes.

The ALJ may discount a medical opinion when it is inconsistent with the overall medical record, *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008), and may find a physician's opinion unpersuasive if they properly analyze the opinion's supportability and consistency. 20 C.F.R. § 416.920c(b)(2). Here, the ALJ first found that Ms. Niestradt's opinion was not supported by her own contemporaneous treatment notes. Tr. 304. In October 2019, for example, Ms. Niestradt's examination record noted no abnormal mental of physical findings. Tr. 1938. In fact, as the Commissioner argues, out of twenty-two separate treatment visits, Ms. Niestradt recorded notable physical or psychological issues on only two occasions, both in 2018. Tr. 986, 1685. Over thirty separate treatment notes from Ms. Niestradt's records, however, document continued pain and physical limitations, and ongoing anxiety and depression. In light of the entire record, it was not reasonable for the ALJ to conclude that Ms. Niestradt's opinion was unsupported by her treatment notes.

Regarding Plaintiff's alleged improvement in 2019 and Ms. Niestradt's provision of only routine and conservative care, the Court's reasoning above applies. Plaintiff's improvement in 2019 must be considered in context of the entire record, which documents ongoing fibromyalgia

pain and symptoms; further, because fibromyalgia is treated with routine and conservative treatment modalities, evidence of conservative treatment is not a legally sufficient reason to reject a medical source opinion. In sum, the ALJ failed to cite substantial evidence supporting his evaluation of the medical evidence.

## IV. REMAND

Because this Court finds that the ALJ committed harmful error in his evaluation of the medical evidence and Plaintiff's testimony, remand is appropriate. "Generally when a court of appeals reverses an administrative determination, 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citing *INS v. Ventura*, 537 U.S. 12, 16 (2002)). In a number of cases, however, the Ninth Circuit has "stated or implied that it would be an abuse of discretion for a district court not to remand for an award of benefits when [the three-part credit-as-true standard is] met." *Garrison*, 759 F.3d at 1020 (citations omitted).

The credit-as-true standard is met if three conditions are satisfied: "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Id.* (citations omitted). Even when the credit-as-true standard is met, the district court retains the "flexibility to remand for further proceedings when the record [evidence] as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* at 1021.

This case meets the credit-as-true standard and is therefore remanded for calculation and payment of benefits. As explained above, the ALJ failed to provide legally sufficient reasons

supported by substantial evidence for rejecting Plaintiff's testimony regarding her symptoms and limitations, and the medical opinion evidence of Mr. Lucherini and Ms. Niestradt. See *Pulliam v. Berryhill*, 728 F. App'x 694, 697 (9th Cir. 2018) (citing *Garrison*, 759 F.3d at 1020). Here, Plaintiff described severe, recurrent limitations that rendered her unable to work, despite ongoing and various attempts to obtain relief from her fibromyalgia symptoms. Further, Plaintiff's medical providers assessed significant limitations on Plaintiff's physical abilities. Given the substantial functional limitations described in the improperly discredited evidence, if this evidence were credited as true, the ALJ would be required to find Plaintiff disabled. This Court therefore finds that the record is fully developed and a remand for further administrative proceedings would serve no useful purpose. For these reasons, and because the Court does not have serious doubt about whether Plaintiff is disabled, the Court exercises its discretion to remand this case for an award of benefits.

## CONCLUSION

For the reasons stated, the Commissioner's decision is **REVERSED and REMANDED for the immediate payment of benefits**.

**IT IS SO ORDERED.**

DATED this 29th day of September, 2022.

                                           s/Michael J. McShane
                                           MICHAEL MCSHANE
                                           United States District Judge